IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02290-BNB

RICHARD CROW,

      Plaintiff,

v.

C.D.O.C.,
SGT. J.A. JAMES (D.R.D.C.), and
MEDICAL UNIT (D.R.D.C.),

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**OCT 1 9 2011**

GREGORY C. LANGHAM
                  CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Richard Crow, is in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Colorado Territorial Correctional Facility in Canon City, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on August 31, 2011. He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not act as an

advocate for a *pro se* litigant.  *See id.*  Under Section 1983, a plaintiff must allege that

the defendants have violated his or her rights under the United States Constitution while

the defendants acted under color of state law.  For the reasons stated below, Mr. Crow

will be directed to file an amended complaint, name only the proper parties to the

action, and assert personal participation by the proper parties.

Mr. Crow asserts three claims for relief.  As background for his claims, he alleges

that he entered the Denver Reception and Diagnostic Center (DRDC) medical unit on

March 29, 2011.  He asserts that he notified Defendant James that he was medically

restricted to lower bunks, but that Defendant James ignored his restrictions and

assigned him to the third tier of the facility, and the top bunk (claim one).  As a result,

Mr. Crow asserts that he slipped and fell down the stairs on April 12, 2011, and he

injured his neck and back (claim two).  He also asserts that Defendant Medical Unit

(D.R.D.C) took his neck brace even though his injury had not healed, and also failed to

notify the housing staff regarding Mr. Crow's medical restrictions (claim three).  Mr.

Crow apparently alleges that this treatment violates his right to be free from cruel and

unusual punishment pursuant to the Eighth Amendment.  Mr. Crow seeks an apology

from the Defendants in addition to money damages.

The Court finds that Mr. Crow is suing improper parties.  Mr. Crow may not sue

the Colorado Department of Corrections.  The State of Colorado and its entities are

protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir.

1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Further, Defendant Medical Unit (D.R.D.C.) is not a person for the purpose of a § 1983 action.  Mr. Crow must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims.  Personal participation by the named defendants is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  *Id.*  Mr. Crow must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Warden Kevin Milyard, may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Crow fails to assert how Defendants personally participated in the alleged constitutional violations.  Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations.  The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Crow may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Crow uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Richard Crow, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. Crow shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Crow fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 19, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-02290-BNB

Richard Crow
Prisoner No.  153612
Colorado Territorial Correctional Facility
PO Box 1010
Cañon City, CO 81215

       I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 19, 2011.


                                          GREGORY C. LANGHAM, CLERK


                                   By:_____
                                                Deputy Clerk