IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02290-CMA-MEH

RICHARD CROW,

    Plaintiff,

v.

SGT. J. A. JAMES, and
JOHN DOE MEDICAL STAFF AT DRDC,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is a Motion for Summary Judgment filed by Defendant Sgt. J.A. James [filed July 2, 2012; docket #33]. The motion is referred to this Court for recommendation and the Court finds oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court respectfully recommends that the District Court **GRANT** Defendant's motion.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

On August 31, 2011, Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. § 1983, then filed the operative Amended Complaint on November 1, 2011 during initial review. (*See* dockets #1 and #10.) In essence, Plaintiff believes Defendant James violated his Eighth Amendment right against cruel and unusual punishment when he allegedly denied Plaintiff his prescribed lower tier, lower bunk medical restriction, and placed Plaintiff on a third-tier from which Plaintiff fell down the metal stairs on April 12, 2011 and sustained an injury. (Docket #10 at 4-12.) Plaintiff seeks an injunction "to provide any and all proper action to plaintiff the acts and omissions described herein violates." (*Id.* at 12.) Plaintiff also seeks an apology from the Defendants and requests repayment of all medical payments, court fees, and attorney's fees incurred in this lawsuit. (*Id.*)

Defendant James answered Plaintiff's Complaint on February 17, 2012, then filed the present Motion for Summary Judgment on July 2, 2012. (Dockets ##20, 33.) Defendant asserts that Plaintiff lacks sufficient factual evidence as a matter of law establishing a cognizable Eighth Amendment claim against Defendant. (Docket #33 at 1.) Specifically, Defendant claims that, at the time Defendant assigned Plaintiff to an upper tier cell, Plaintiff did not have a lower tier restriction and, thus, Defendant was not deliberately indifferent to Plaintiff's medical needs. *Id.*

Despite this Court's order to do so, the Plaintiff did not respond to the present motion.

## FINDINGS OF FACT

The Court makes the following findings of fact (as opposed to legal conclusions, bare assertions or merely conclusory allegations) viewed in the light most favorable to the Plaintiff, who is the non-moving party in this matter.[2]

---

[2]In the summary judgment context, a pro se litigant's verified complaint may be treated as an affidavit as long as it satisfies the standards for affidavits outlined in Rule 56. *See Adams v. Dyer,* 223 F. App'x 757, 764 (10th Cir. 2007) (citing *Conaway v. Smith,* 853 F.2d 789, 792 (10th

1.      Plaintiff was incarcerated at the Colorado Department of Corrections (CDOC) Denver Reception and Diagnostic Center (DRDC) in March 2011. Affidavit of F. A. James, Sr., June 27, 2012, ¶ 15, docket #33-1.

2.      DRDC is a prison operated by the CDOC that primarily functions as the CDOC's "intake" facility. *Id.*, ¶ 4.

3.      As the intake facility, DRDC is the first "stop" for inmates when they are sentenced to the CDOC and taken into the custody by the CDOC. *Id.*, ¶ 5.

4.      DRDC also houses other inmates who need to be in the Denver-metro area for various reasons, such as to make court appearances or to attend medical appointments with specialists in the area. *Id.*

5.      When a new inmate is processed at DRDC, staff members conduct inventories and evaluations to determine the medical, dental, mental health, academic, vocational, and personal needs of the inmate. *Id.*, ¶ 6.

6.      Nurses make a record of the inmate's various evaluations and any special needs, and this information becomes part of the inmate's CDOC records. *Id.*, ¶ 7.

7.      Determinations as to whether an inmate needs accommodations for a physical condition, infirmity, and/or disability are made by qualified medical personnel, and not by non-medical housing unit staff. *Id.*, ¶¶ 8, 9.

8.      If an inmate is determined to have a physical condition, infirmity, and/or disability that qualifies him for a lower bunk bed, the needed accommodation is made part of the inmate's record. *Id.*, ¶ 10.

9.      The housing units are structured such that they contain several floors, or "tiers." Inmate cells

Cir. 1988)).

are located on each tier, and each tier is accessible by a staircase. *Id*., ¶ 11.

10.     There is also a separate potential restriction for qualifying inmates that restricts their placement on an upper "tier" of the housing unit. Determination of such restriction is made by qualified medical personnel. *Id*., ¶ 12.

11.     On or about March 29, 2011, Plaintiff was processed at DRDC. *Id*., ¶ 15.

12.     Defendant James was a housing unit Sergeant at the DRDC in March and April of 2011. *Id*., ¶ 13.

13.     Plaintiff notified Defendant James when he entered the DRDC that he had a lower bunk, lower tier restriction. Amended Complaint, docket #10 at 4.

14.     When Defendant James worked at DRDC, he was required to follow the determinations made by the appropriate medical care staff as to which inmates should have lower bunk or lower tier restrictions, according to CDOC policy. *Id*., ¶ 14.

15.     Defendant James was responsible for assigning inmates to cells and bunks within the housing units where he worked. *Id*., ¶ 16.

16.     Making cell and bunk assignments required consideration of the needs of inmates who were elderly, handicapped, and/or who had been determined to have medical needs that required particular cell and bunk assignments, and the limited number of cells and bunks available that would accommodate these needs. *Id*., ¶ 17.

17.     Defendant James' routine practice was to review all inmates' CDOC records prior to making cell and bunk assignments. *Id.*, ¶ 18.

18.     These records contained any bunk or cell restrictions made by medical personnel for inmates upon which Defendant James was required to rely in making bunk and cell assignments. *Id*., ¶ 19.

19.     When Plaintiff was processed at DRDC, he had arrived with a cane, which he was allowed

4

to keep at that time, pending further evaluation by qualified medical staff. *Id*., ¶ 20.

20.     On or about April 7, 2011, Plaintiff was granted accommodations that allowed him to keep the cane, as well as to have a lower bunk restriction. *Id*., ¶ 21.

21.     Defendant James had nothing to do with this process. *Id*.

22.     At that time, Plaintiff was not granted a lower tier assignment. *Id*., ¶ 22.

23.     From the third tier where Plaintiff was placed, he fell down a flight of stairs on or about April 12, 2011.  Amended Complaint, docket #10 at 8.

24.     The Plaintiff suffered an injury from the fall. *Id.* at 4.

25.     The following day, April 13, 2011, Plaintiff was given a lower tier restriction. *Id*., ¶ 25.

26.     Defendant James had no involvement in the determination by medical staff to give Plaintiff a lower tier restriction on April 13, 2011, nor any authority over the decision not to give him a lower tier restriction prior to that date. *Id*.

## LEGAL STANDARDS

### I.     Treatment of *Pro Se* Pleadings

As Plaintiff proceeds *pro se*, the Court must construe his "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the

proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## II.     Motion for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original) (citation omitted); *see also Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

### III.   Section 1983 Personal Participation Requirement

In a Section 1983 claim, a plaintiff must allege an affirmative link between the defendant's conduct and any constitutional violation in his complaint. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001) (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)). In order for a prison official to be liable for "deliberate indifference" under Section 1983, "the official must have been personally and directly responsible for the occurrence of the alleged Eighth Amendment violation." *Jenkins v. Denver County Jail*, No. 99-1335, 2000 WL 84893, at *2 (10th Cir. 2000) (unpublished) (citing *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996)). "Supervisors are only liable under § 1983 for their own culpable involvement" in the alleged violation, because government officials may not be held vicariously liable for the misconduct of their subordinates under Section 1983. *Serna v. Colorado Dep't of Corr*s., 455 F.3d

1146, 1151 (10th Cir. 2006).

## IV.   Eighth Amendment Deliberate Indifference

Under the Eighth Amendment, prisoners are constitutionally entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras,* 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Accordingly, prison officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and ... tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994)). A prisoner states a claim of cruel and unusual punishment under the Eighth Amendment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney,* 509 U.S. 25, 35 (1993); *Estelle,* 429 U.S. at 105.

Plaintiff must meet both the objective and subjective components constituting the test for deliberate indifference. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met "if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause." *Id*. (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006), overruled on other grounds by *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008)). The Tenth Circuit established "a medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Horton v. Ward*, 123 F. App'x 368, 371 (10th Cir. 2005) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 2005)).

The subjective component is met if the plaintiff demonstrates defendants "knew he faced a

substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159 (quoting *Kikumura*, 461 F.3d at 1293). The subjective component requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer*, 511 U.S. at 838). This component is equivalent to "criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of harm." *Beauclair v. Graves*, 227 F. App'x 773, 776 (10th Cir. 2007) (quoting *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005)).

## DISCUSSION

First, the Court must clarify that, although the Plaintiff alleges two "claims" under the Eighth Amendment – one for "deliberate indifference" and one for "cruel and unusual punishment" – the law recognizes one claim for cruel and unusual punishment in violation of the Eighth Amendment, for which a defendant may be liable if the defendant is found to be deliberately indifferent to the serious medical needs of the plaintiff. Here, Plaintiff's "claims" are based on the same set of facts and do not differ in any material respect. (*See* Docket #10 at 5-12.) Therefore, for purposes of this recommendation, the Court will recognize the Plaintiff's allegations as stating a single claim against the Defendant for violation of the Eighth Amendment's cruel and unusual punishment clause.

Next, the Court notes that, despite this Court's order to do so, Plaintiff failed to file a response to the present motion. However, Plaintiff's failure does not automatically result in summary judgment for the Defendant. Even if the Plaintiff fails to present evidence demonstrating an issue of material fact in response to the summary judgment motion, the Defendant still bears the burden of demonstrating he is entitled to summary judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. "Accordingly, summary judgment is 'appropriate' under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c)." *Murray v. City of*

*Tahlequah, Okla.*, 312 F.3d 1196, 1200 (10th Cir. 2002). "If the evidence produced in support of the summary judgment motion does not meet this burden, summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* (internal quotation marks and citation omitted). "If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.*

To meet his burden of production required to support summary judgment, the Defendant "need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law." *Diaz v. Paul J. Kennedy Law Firm,* 289 F.3d 671, 674 (10th Cir. 2002) (citation omitted). "Summary judgment will then lie if the movant establishes entitlement to judgment as a matter of law given [the] uncontroverted, operative facts." *Id.* Irrelevant or unnecessary factual disputes will not be considered. *Id.*

Here, Defendant provided his own affidavit reflecting his personal knowledge of the facts supporting his position that summary judgment is proper. Docket #33-1. The Court finds that Defendant has met his burden of production.

Plaintiff, in failing to respond to the present motion, provided no evidentiary materials in support of his claims. However, as set forth above, the Court may rely on the Plaintiff's verified Amended Complaint as an affidavit to determine whether Plaintiff has demonstrated the existence of specific facts showing a genuine factual issue for trial. *See Scott*, 550 U.S. at 380.

Plaintiff alleges that, at the time he fell down a flight of stairs from the third tier on April 12, 2011, Defendant knew he had a lower bunk, lower tier restriction, but failed to abide by it. Amended Complaint, docket #10 at 4, 8. Defendant counters that, while Plaintiff had a lower bunk

restriction at that time, Plaintiff was not granted a lower tier restriction until April 13, 2011, after the fall. Affidavit of F. A. James, Sr., June 27, 2012, ¶¶ 22, 25, docket #33-1. As such, Defendant argues that Plaintiff can show neither a serious medical need nor Defendant's deliberate indifference at the time of his fall and alleged injury on April 12, 2011.

The Court agrees with Defendant. Plaintiff asserts essentially that Defendant's refusal to abide by his "lower tier restriction" caused Plaintiff's fall and injury. However, Defendant attests that prison records reflect Plaintiff did not receive the lower tier restriction until the day *after* Plaintiff fell down the stairs. The Plaintiff does not dispute this testimony nor does he describe the medical condition prompting his restrictions; therefore, the Court cannot conclude that Plaintiff's condition constituted a sufficiently serious medical need on April 12, 2011 when he fell and injured himself. *See Sealock*, 218 F.3d at 1209.

With respect to the subjective component, Plaintiff must demonstrate that Defendant acted with deliberate indifference to his serious medical need. *See Farmer*, 511 U.S. at 834. A prison official may be held liable when he acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The official both must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. The deliberate indifference standard "is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care *or intentionally interfering with the treatment once prescribed*." *Estelle*, 429 U.S. at 104-05 (emphasis added). This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. *Id.* at 105. An

accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain. *Id.*

Here, there is undisputed testimony[3] that approximately a week after Plaintiff arrived at the facility, medical staff granted Plaintiff permission to keep the cane he was carrying and to have a lower bunk restriction. James Affidavit, ¶ 21. Any contention by the Plaintiff that at the time he entered the DRDC he had a "lower bunk, lower tier restriction" does not create a *genuine* issue of fact, because it is undisputed that Plaintiff had just entered the prison system, that prison medical personnel granted necessary accommodations, and that Plaintiff did not see medical personnel at the DRDC until a week after he arrived. *Scott*, 550 U.S. at 380 ("[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'") (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

In addition, it is undisputed that prison records reflect Plaintiff was granted a lower tier restriction by medical staff *after* he fell down the stairs from the third tier. *Id.*, ¶ 25. According to the Plaintiff, it was the fall down stairs on April 12, 2011 from the third tier that caused his injury. Amended Complaint, docket #10 at 8. Thus, Defendant could not have known about or disregarded any risk of harm to the Plaintiff before he fell on April 12, 2011. Further, it is undisputed that Defendant James had no participation in the decision(s) to grant Plaintiff his medical restriction to a lower tier. Moreover, there is no indication the Defendant had a duty to request or even to suggest to medical staff that Plaintiff be granted a restriction, even if he felt it was appropriate.

---

[3]By failing to file a timely response to the present motion, the Plaintiff waived his right to file a response and confessed all facts asserted and properly supported in the summary judgment motion. *Murray*, 312 F.3d at 1200.

As such, the Plaintiff fails to meet his burden of showing a genuine issue of material fact regarding his Eighth Amendment claim. Consequently, the Court finds that Plaintiff's claim against Defendant fails as a matter of law, and respectfully recommends that Defendant's motion for summary judgment be granted.

## **CONCLUSION**

The Court concludes the Plaintiff has failed to respond to the Defendant's motions with specific facts showing a genuine factual issue for trial as required by Fed. R. Civ. P. 56(e). *See Scott*, 550 U.S. at 380. Accordingly, for the reasons stated above and considering the entire record herein, the Court respectfully RECOMMENDS that the Motion for Summary Judgment filed by Defendant Sgt. J.A. James [filed July 2, 2012; docket #33] be **GRANTED**, and Plaintiff's Eighth Amendment claim against Defendant James be **DISMISSED WITH PREJUDICE**.

Dated at Denver, Colorado, this 10th day of September, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge